UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND JUSTO KITILYA,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:18-cv-0672 JAM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Before the court are plaintiff's motion to proceed in forma pauperis and his complaint for screening. For the reasons set forth below, the court finds plaintiff fails to state any cognizable claims under § 1983 and recommends this action be dismissed.

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims

1

that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II. Analysis**

**A. Allegations of the Complaint**

Plaintiff's filing includes two separate complaint forms. It appears that plaintiff is attempting to allege three claims. In the first complaint and claim, plaintiff identifies the California Department of Corrections and Rehabilitation ("CDCR") as the defendant. He contends CDCR institutions have failed to respond to his grievances within the time provided by regulations. Plaintiff seeks $3 million in damages. (ECF No. 1 at 2-3.)

In his second complaint/second claim, plaintiff contends that in 2016 he was deprived of due process by the California Medical Facility ("CMF"). He states that he received a Rules Violation Report ("RVR") that resulted in lost sentence credits. However, he did not receive a copy of the RVR until 16 days after the date the RVR was discovered. Plaintiff argues that regulations require he be provided a copy within 15 days. (ECF No. 1 at 23-24.) Plaintiff attaches a copy of the California Code of Regulations that state that forfeiture of credits is precluded if "the inmate was not provided a copy of the CDC Form 115 within 15 days after the discovery of information leading to the charges." (Id. at 26 (citing Cal. Code Regs. tit. 15, § 3320(f).) Plaintiff states that he was then moved to Salinas Valley State Prison ("SVSP") where he filed an appeal, apparently of the decision to deprive him of sentence credits. (Id. at 25.)

////

3

Finally, plaintiff also seeks relief from SVSP. It appears that plaintiff is complaining about the denial of his appeal. (ECF No. 1 at 35.) With respect to these second and third claims, plaintiff states that he did not file an administrative appeal to the third level of review. (Id. at 37.) For relief, plaintiff seeks release from custody and compensatory and punitive damages. (Id. at 38.)

### B. Does Plaintiff State Cognizable Claims for Relief?

Plaintiff's claims allege that the prisons failed to comply with state regulatory requirements for issuing RVRs and addressing prisoner grievances and appeals. Claims that these defendants failed to follow state law or prison regulations governing inmate appeals cannot be remedied under section 1983 unless the allegations also establish a violation of a federal constitutional or statutory right. See Davis v. Scherer, 468 U.S. 183, 192 (1984). Section 1983 provides no redress for prison officials' mere violation of state prison regulations. See Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); Sweaney v. Ada Cty., Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (section 1983 creates cause of action for violation of federal law); Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370-71 (9th Cir. 1996) (federal and state law claims should not be conflated; to the extent the violation of a state law amounts to a deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, section 1983 offers no redress).

Further, prisoners are not entitled to a specific grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982); accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v.

Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986); Jones v. Corizon Health, No. 1:16-cv-1055-SKO (PC), 2017 WL 2225075, at *6 (E.D. Cal. May 22, 2017). Plaintiff cannot therefore state a claim for relief for any deficiency in the grievance process. See Dixon v. Lewis, No. 1:16-cv-00989 DAD-BAM-PC, 2016 WL 5235041, at *4 (E.D. Cal. Sept. 21, 2016).

To the extent plaintiff is arguing that the tardy RVR violated his due process rights, plaintiff is advised that prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). But the Due Process Clause requires certain minimum procedural protections where serious rules violations are alleged, the power of prison officials to impose sanctions is narrowly restricted by state statute or regulations, and the sanctions are severe. See id. at 556–57, 571–72 n.19.

Wolff established five constitutionally mandated procedural requirements for disciplinary proceedings. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Id. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." Id. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566. And fifth, "[w]here an illiterate inmate is involved [or] the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." Id. at 570. Additionally, "some evidence" must support the decision of the hearing officer.

////

////

1  Superintendent v. Hill, 472 U.S. 445, 455 (1985). Plaintiff does not allege a violation of any of
2  the due process requirements set out in Wolff or Hill.[1]

3        Finally, the court notes that plaintiff conceded that he has not exhausted his administrative
4  remedies prior to bringing this suit. (See ECF No. 1 at 2, 37.) The Prison Litigation Reform Act
5  of 1995 (PLRA) mandates that "[n]o action shall be brought with respect to prison conditions
6  under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or
7  other correctional facility until such administrative remedies as are available are exhausted." 42
8  U.S.C. § 1997e(a).

9        Compliance with deadlines and other critical prison grievance rules is required to exhaust.
10  Woodford v. Ngo, 548 U.S. 81, 90 (2006) (exhaustion of administrative remedies requires "using
11  all steps that the agency holds out, and doing so properly"). "[T]o properly exhaust
12  administrative remedies prisoners 'must complete the administrative review process in
13  accordance with the applicable procedural rules,'—rules that are defined not by the PLRA, but by
14  the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting
15  Woodford, 548 U.S. at 88); see also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009)
16  ("The California prison system's requirements 'define the boundaries of proper exhaustion.'")
17  (quoting Jones, 549 U.S. at 218). In California, exhaustion requires an inmate to proceed through
18  each of three levels of the grievance/appeal process. Cal. Code Regs. tit. 15, § 3084.7. Plaintiff's
19  admission that he has not exhausted his administrative remedies is another ground to dismiss this
20  action.

21      **C. No Leave to Amend**

22        If the court finds that a complaint should be dismissed for failure to state a claim, the court
23  has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-
24  30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the
25  defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see

---

[1] Even if plaintiff did allege such a violation, it is not cognizable in this civil rights action. A challenge affecting the length of plaintiff's sentence must be brought in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (habeas corpus is the exclusive vehicle for relief affecting the duration of confinement).

also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, plaintiff's allegations against all defendants cannot establish a plausible claim as a matter of law and amendment would be futile.

In accordance with the above, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim under 42 U.S.C. § 1983.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 19, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:9
DB/prisoner-civil rights/kiti0672.scrn fr

7